**XU NA CHEN, Petitioner,**

v.

**Alberto R. GONZALEZ,[1] United States Attorney General, Respondent.**

**No. 04–138–AG.**

United States Court of Appeals,
Second Circuit.

April 4, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Daniel J. Gibbons, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: WALKER, Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 4th day of April, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

It seems to us possible that a significant portion of the transcript of the hearing before the Immigration Judge ("IJ") with respect to the petitioner's hearing is missing from the record before us. At page 111 of the Joint Appendix, for example, the IJ comments that INS counsel "did an extensive cross-examination." And at page 100, counsel for the INS says, "I don't have anymore questions at this time." Yet we cannot find the previous examination in the transcript. The IJ's decision also seems to refer to facts which we do not see reflected in the transcript.

The petition for review is therefore GRANTED insofar as the case is remanded to the BIA for the limited purpose of 1) the completion of the record, through the holding of additional hearings if necessary, or 2) confirmation that the transcript as it appears in the Joint Appendix is complete, or 3) an explanation of why it is appropriate for us to decide this petition without such a complete transcript. After the BIA has done so, the petitioner may pursue a further petition before this Court.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.